IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIANA HINTSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 8:24-cv-02403-LKG |
| v. | ) |
| | ) Dated: February 20, 2025 |
| GREENBELT AMBULATORY SURGERY, LP *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

The Plaintiff, Diana Hintsa, alleges in this civil action that the Defendants, Greenbelt Ambulatory Surgery, LP and Rockville Ambulatory Surgery, LP failed to pay her certain wages for work performed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Lab. & Empl. §§ 3-415, 3-427, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann. Lab. & Empl. §§ 3-505, 3-507.2. *See generally* ECF No. 1. On October 31, 2024, the parties filed a joint motion for the approval of their FLSA settlement (the "Settlement Agreement") that would resolve these claims and allow Plaintiff to recover $2,264.26 in unpaid wages and $2,264.26 in liquidated damages. *See generally* ECF No. 21; *see also* 29 U.S.C. § 216(b) (requiring Court approval to release FLSA claims brought by an employee in a private right of action). On January 7, 2025, the parties filed a supplement to their joint motion for approval of the Settlement Agreement, seeking to approve the payment of attorneys' fees in the amount of $10,674.85 and costs in the amount of $1,575.15 to Plaintiff's counsel. ECF No. 22.

The Court held a fairness hearing on the parties' proposed Settlement Agreement on February 19, 2025. ECF No. 24. For the reasons set forth below, and stated during the fairness hearing, the Court: (1) **GRANTS** the parties' joint motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS** Plaintiff **$2,264.26** in unpaid wages and

**$2,264.26** in liquidated damages; and (4) **AWARDS** Plaintiff's counsel **$10,674.85** in attorneys' fees and **$1,575.15** in costs.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.  Factual Background

In this civil action, the Plaintiff, Diana Hintsa, alleges that the Defendants, Greenbelt Ambulatory Surgery, LP and Rockville Ambulatory Surgery, LP failed to pay her certain wages for work performed, in violation of the FLSA, the MWHL and the MWPCL. ECF No. 1. The parties have reached a settlement (the "Settlement Agreement") that would resolve the Plaintiffs' claims for unpaid wages and liquidated damages, with the Plaintiff receiving one hundred percent of the amount she alleges she is owed, $2,264.26, and an equal amount as liquidated damages. ECF No. 21-1. The Defendants have also agreed to pay the Plaintiff's reasonable attorneys' fees in the amount of $10,674.85 and costs in the amount of $1,575.15. ECF No. 22. The parties also agree that no attorneys' fees and costs will be deducted from the Plaintiff's recovery in this matter. *Id.* And so, the parties request that the Court approve their Settlement Agreement. ECF Nos. 21, 21-1 and 22.

As background, on August 19, 2024, the Plaintiff filed the complaint in this civil action, alleging that the Defendants violated the FLSA, the MWHL and the MWPCL, by failing to pay her wages for all hours she worked, including allegedly unlawfully withholding her final paycheck. ECF No. 1. Shortly thereafter, the Defendants retained counsel, who promptly initiated a settlement dialogue with Plaintiff's counsel. ECF No. 21-1 at 2.

Early in the settlement discussions, the Parties concluded that an amicable resolution of this lawsuit is in their respective interests due to the risks and expenses associated with litigation. *Id.* And so, counsel for the Plaintiff and the Defendants have been engaged in settlement negotiations since the inception of this litigation. *Id.*

During the parties' settlement discussions, the Defendants provided copies of the Plaintiff's alleged missing final paychecks to Plaintiff's counsel. *Id.* The Plaintiff provided a spreadsheet showing all hours that she alleges she worked for Defendants. *Id.* In this regard, the

---

[1] The facts recited in this memorandum opinion are derived from the complaint, the parties' joint motion for approval of the Settlement Agreement and memorandum in support thereof, and the parties' supplemental memorandum. ECF Nos. 1, 21, 21-1 and 22.

Plaintiff calculated that the total sum due to her for hours worked for the Defendants was $2,264.26. ECF No. 21-1 at 2.[2] Plaintiff also sought liquidated damages in an amount equal to her estimated unpaid wages. *Id.*

The Settlement Agreement

The Parties' Settlement Agreement provides for the Plaintiff's recovery of 100 percent of her estimated unpaid wages and the maximum amount of liquidated damages that might be available to her under the FLSA. ECF No. 21-1 at 3. And so, in exchange for her claims and potential claims under the FLSA, MWHL, and MWCPL against Defendants, the Plaintiff has agreed accept a total payment in the amount of $4,528.52 ("Settlement Amount") as reflected below:

   i. One check in the gross amount of $2,264.26 as payroll, subject to usual and ordinary payroll tax deductions, payable Diana Hintsa, on a regular payroll check, to be reported as W-2 earnings;

   ii. One check in the amount of $2,264.26 for liquidated damages, made payable to Diana Hintsa to be reported as Miscellaneous Income on a Form 1099; Defendants have also agreed to separately pay Plaintiff's reasonable attorneys' fees and costs.

*Id.*

In this regard, the Settlement Agreement contains a general mutual release provision, which provides that the parties covenant not to sue and release each other from claims known or unknown. ECF No. 21-2 at 5-6. This release excludes any right to file an administrative charge or complaint with the EEOC, claims that cannot be waived by law and any right to file an unfair labor practice charged under the National Labor Relations Act. *Id.*

Lastly, the parties have reached an agreement for the Defendants to pay the Plaintiff's reasonable attorney's fees in the amount of $10,674.85 and costs in the amount of $1,575.15.

### B.    Procedural History

The Plaintiff filed the complaint on August 19, 2024. ECF No. 1. On October 31, 2024, the parties filed a joint motion seeking approval of the Settlement Agreement. ECF No. 21. On January 7, 2025, the parties filed a supplemental memorandum to their joint motion seeking

---

[2] The Plaintiff maintains that the total hours she worked for the Defendants are higher than the hours that she recorded in the Defendants' time records. ECF No. 21-1 at 2. The Defendants have elected to accept Plaintiff's calculations of her work hours for the purpose of resolving this case. *Id.*

approval of the Settlement Agreement. ECF No. 22. On February 19, 2025, the Court held a fairness hearing regarding the parties' Settlement Agreement. ECF No. 24.

### III.     LEGAL STANDARDS

#### A.     The Fair Labor Standards Act

Congress enacted the FLSA to protect workers from poor wages and long hours that can result from substantial inequalities in bargaining power between employers and employees. *See* S. Rep. No. 884, at 3-4 (1937); H.R. Rep. No. 1452, at 9 (1937); *see also Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013). The FLSA provides that "no employer shall employ" a covered employee in excess of 40 hours in a week unless the employee is paid at "a rate not less than one and one-half times the regular rate at which he is employed" for each additional hour worked. 29 U.S.C. § 207(a)(1). The statute's provisions are mandatory and generally are not subject to bargaining, waiver or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

A Court-approved settlement is an exception to this rule. 29 U.S.C. § 216(b); *Duprey*, 30 F. Supp. 3d at 407. The Court may approve a settlement of an FLSA claim, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman*, 2013 WL 299047, at *2 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving a FLSA settlement agreement, "district courts in this circuit typically employ considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citations omitted). And so, to approve a FLSA settlement agreement, the Court must find that: (1) there are FLSA issues actually in dispute; (2) the settlement agreement is fair and reasonable; and (3) the proposed attorneys' fees, if included in the agreement, are reasonable.[3]

---

[3] To determine whether a *bona fide* FLSA dispute exists, "courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted). This Court has found *bona fide* FLSA disputes to exist where a defendant denies wrongdoing, disputes employee misclassification, or asserts an affirmative defense. *See, e.g.*, *De La Cruz v. Chopra*, No. 18-337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-2914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022). The Court must then assess the proposed settlement agreement for fairness and reasonableness, taking into

4

*See Duprey*, 30 F. Supp. 3d at 408 (citations omitted).  These factors are most likely to be found where there is an "assurance of an adversarial context" and the employee is "represented by an attorney who can protect [his] rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

## IV.   ANALYSIS

The parties request that the Court approve the Settlement Agreement upon the grounds that the Settlement Agreement is fair and reasonable.  *See generally* ECF No. 21.  For the reasons set forth below, and stated during the hearing held in this matter on February 19, 2025, the Court: (1) **GRANTS** the parties' joint motion for approval of settlement; (2) **APPROVES** the Settlement Agreement; (3) **AWARDS** Plaintiff **$2,264.26** in unpaid wages and **$2,264.26** in liquidated damages; and (4) **AWARDS** Plaintiff's counsel **$10,674.85** in attorneys' fees and **$1,575.15** in costs.

### A. The Parties Have Shown That The Settlement Agreement Reflects A Reasonable Compromise Of A *Bona Fide* FLSA Dispute

While the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered when approving an FLSA settlement agreement, this Court has routinely considered three issues: (1) whether there are *bona fide* FLSA issues in dispute; (2) whether the settlement agreement is fair and reasonable; and (3) if included in the agreement, whether the proposed attorneys' fees are reasonable.  *See Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (citations omitted).  In determining the first issue—whether a *bona fide* FLSA dispute exists—the Court "examine(s) the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Id.* (citations omitted).  And so, this Court has found that a *bona fide* FLSA dispute exists where a defendant denies wrongdoing, disputes employee misclassification or asserts an affirmative defense.  *See, e.g.*, *De La Cruz v. Chopra*, No. 18-337, 2018 WL 2298717, at *2 (D. Md. May 21, 2018); *Tomeh v. Veriphyr, Inc.*, No. 21-2914, 2022 WL 1422897, at *2 (D. Md. May 5, 2022).

---

consideration: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See De La Cruz*, 2018 WL 2298717, at *1 (citations omitted).

In this case, the complaint and joint motion for approval of the Settlement Agreement establish that there is a *bona fide* FLSA dispute between the parties, because the parties disagree about whether Defendants properly compensated Plaintiff for unpaid work under the FLSA and Maryland law.  ECF No. 21-1 at 5.  In the complaint, Plaintiff alleges that the Defendants failed to pay her for work performed during the period July 6, 2024, to July 19, 2024.  ECF No. 1.  And so, Plaintiff alleges that the Defendants owe her unpaid wages and liquidated damages under the FLSA and Maryland law.  *Id.* at ¶¶ 27, 36, 42-43.

The Defendants, however, deny the Plaintiff's allegations and they dispute, among other things, that there has been a FLSA, MWHL, or MWPCL violation in this matter, they failed to provide the Plaintiff's final paycheck, and that the Plaintiff worked the number of hours that she alleges.  ECF No. 21-1 at 5-6.  Given this, the Court is satisfied that the parties have a *bona fide* dispute as to whether Plaintiff is entitled to unpaid wages, and, if so, how much.  *Id.*; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *De La Cruz*, 2018 WL 2298717, at *2.

The Court is also satisfied that the Settlement Agreement reflects a fair and reasonable compromise of the parties' *bona fide* FLSA dispute.  To determine whether the proposed Settlement Agreement at issue here is fair and reasonable, the Court considers: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion; (4) the experience of counsel who represented the plaintiff; (5) counsel's opinions; and (6) the probability of the plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.  *See Duprey*, 30 F. Supp. 3d at 409.  These factors support a finding that the Settlement Agreement is fair and reasonable for several reasons.

First, with regards to the extent of discovery and the stage of these proceedings, the parties acknowledge that formal discovery has not begun in this case.  ECF No. 21-1 at 6.  But the parties have engaged in informal discovery, in an effort to resolve the FLSA dispute.  In this regard, Defendants voluntarily provided copies of the Plaintiff's alleged missing final paychecks to Plaintiff's counsel.  *Id.* at 2-3. The Plaintiff also provided a spreadsheet showing all hours that she alleges she worked for Defendants.  *Id.*  In this regard, the Plaintiff calculated that the total

sum due her for hours worked for Defendants was $2,264.26. ECF No. 21-1 at 2.[4] The Plaintiff also sought liquidated damages in an amount equal to her estimated unpaid wages. *Id.*

The parties also state that formal discovery would not change Plaintiff's posture in this case. *Id.* at 6. And so, the parties have shown that they effectively exchanged information relevant to Plaintiff's FLSA claims to determine the amount of her unpaid work and any compensation owed to Plaintiff as a result. *Id.*

Second, the considerable experience of counsel in this case in litigating FLSA matters also weighs in favor of accepting the Settlement Agreement. The Plaintiff is represented by experienced attorneys in this matter, including her lead counsel, Omar Vincent Melehy, of the law firm of Melehy and Associates LLC, who has 37 years of legal experience and has served as lead counsel in more than 70 cases before this Court and the United States District Court for the District of Columbia. ECF No. 22-3. Mr. Melehy's co-counsels in this case are Suvita Melehy, who has 28 years of legal experience, and Andrew Balashov, who has eight years of legal experience. ECF No. 22 at 5.

The information before the Court also shows that Mr. Melehy and the other attorneys at his law firm have litigated numerous FLSA wage cases in the District of Maryland and the District of Columbia. ECF Nos. 22-3, 22-4 and 22-5. Given this, the Court is satisfied that Plaintiff's counsel are experienced in wage-and-hour matters and have years of experience in employment law generally. *Id.*

The probability of Plaintiff's success on the merits, and the proposed settlement amount in relation to the potential recovery in this case, also demonstrate that the Settlement Agreement is fair and reasonable. The Plaintiff maintains that she will prevail on the merits of her claim. ECF No. 21-1 at 7. The Defendants do not concede liability in this case and they also maintain that they have viable defenses in this case, including that the Plaintiff did not work the number of hours that she alleges. *Id.* at 5 and 7. And so, there are litigation risks for both parties if this matter proceeds. Under the Settlement Agreement, the Plaintiff will recover 100% of the damages sought in this matter. ECF No. 21-2 at 2. Given this, the parties persuasively argue

---

[4] The Plaintiff maintains that the total hours she worked for the Defendants are higher than the hours that she recorded in the Defendants' time records. ECF No. 21-1 at 2. The Defendants have elected to accept Plaintiff's calculations of her work hours for the purpose of resolving this case. *Id.*

7

that the Settlement Agreement is in the Plaintiff's best interests and represents a fair and reasonable compromise.

Lastly, the Court observes that there is no suggestion of fraud or collusion in this case. The Plaintiff's attorneys have represented Plaintiff since the beginning of this litigation. ECF No. 1. The parties also state that the respective counsel in this case "are at arm-length and have no other dealings between each other," aside from the representation of their respective clients. ECF No. 21-1 at 7. Notably, the payment of the Plaintiff's attorneys' fees and costs will be independent of her recovery under the Settlement Agreement. ECF No. 22 at 1.

And so, for all of the aforementioned reasons, the Court is also satisfied that the Settlement Agreement reflects a reasonable compromise, given the inherent risks and costs associated with further litigation of this matter. *Saman v. LBDP, Inc.*, No. 12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013); *De La Cruz*, 2018 WL 2298717, at *1.

### B. The Award Of Attorneys' Fees And Costs To Plaintiff's Counsel Are Reasonable

As a final matter, the Court is also satisfied that the attorneys' fees and costs that the Defendants have agreed to pay to Plaintiff's counsel are reasonable. Because the Settlement Agreement includes an award of attorneys' fees and costs, the Court independently considers whether these fees and costs are reasonable. *Lynn's Food Stores*, 679 F.2d at 1354.

When calculating an award of attorneys' fees, "the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Constr. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. 95-309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2022). And so, this Court has established rates that are presumptively reasonable for lodestar calculations in Appendix B to its Local Rules. *See* L.R. App. B. (D. Md. 2023).

Here, the Settlement Agreement provides for the payment of attorneys' fees in the amount of $10,674.85 and costs in the amount of $1,575.15, for a total payment of $12,250.00. ECF Nos. 22 at 1 and 22-1. The parties' supplemental memorandum to the joint motion for approval of the Settlement Agreement also states that Plaintiff's attorneys and their law clerks

8

and paralegals expended approximately 31.2 hours on this matter, which does not include time anticipated for the fairness hearing in this case. ECF No. 22 at 4. After subtracting 5.7 "no charge" hours, the Plaintiff's attorneys state that they expended 25.5 billable hours on this matter. *Id.* These billable hours are confirmed by the billing records that Plaintiff's counsel has submitted in support of their motion for approval. ECF No. 22-2.

With regards to the hourly rates for Plaintiff's counsel, Plaintiff's counsel represent to the Court that Mr. Melehy's billing rate is $675.00 per hour, Ms. Melehy's billing rate is $625.00 per hour, Mr. Balashov's billing rate is $450.00 per hour, and the firm's law clerk and paralegal billing rate is $240.00 per hour. ECF No. 22 at 5. While these billing rates are somewhat higher than the presumptively reasonable rates for lodestar calculations under the Court's Local Rules, the parties persuasively argue that these rates are "reflective of the current market rates in this locality for employment attorneys who practice in federal court." *Id.* In this regard, the Court observes that the respective hourly rates for the Plaintiff's counsel fall either below, or slightly above, the median hourly rate for attorneys who litigate wage-and-hour cases in Maryland. ECF No. 22-8.

Having accepted Plaintiff counsel's proposed hourly rates as reasonable, the Court next observes that the "lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended'" is $13,657.00 in this case. ECF No. 22 at 1; *Lopez*, 838 F. Supp. 2d at 348. The parties have agreed to an award of $10,674.85 in attorneys' fees, which is below this figure and results in the recovery of an amount of attorneys' fees that reflects a 22% reduction of the lodestar amount. ECF No. 22 at 1. Importantly, none of these attorneys' fees will be deducted from Plaintiff's award of unpaid wages and liquidated damages. *Id.* And so, the Court is satisfied that Plaintiff's attorneys' fees are reasonable.

Lastly, the parties have also shown that the costs to be recouped by the Plaintiff's counsel under the Settlement Agreement are reasonable. The Plaintiff's attorneys represent to the Court that they incurred $1,575.15 in expenses while litigating this matter, including monthly charges for use of the LexisNexis legal research database and expenses related to photocopies and postage. *Id.* The parties indicate that the Settlement Agreement will cover all of these costs. ECF No. 22 at 1-2 and 7. The Court is satisfied that these costs accurately reflect the litigation expenses incurred by Plaintiff's counsel in this case. And so, the Court will APPROVE the

award of attorneys' fees in the amount of $10,674.85 and the award of costs in the amount of $1,575.15.

## V.   CONCLUSION

In sum, the Court is satisfied that the Settlement Agreement constitutes a fair and reasonable compromise of the parties' *bona fide* dispute under the FLSA and that the attorneys' fees and costs provided for in the Settlement Agreement are reasonable. And so, for the foregoing reasons, the Court:

(1) **GRANTS** the parties' joint motion for approval of the Settlement Agreement;

(2) **APPROVES** the Settlement Agreement as a fair and reasonable resolution of the parties' *bona fide* FLSA dispute; and

(3) **AWARDS** Plaintiff **$2,264.26** in unpaid wages and **$2,264.26** in liquidated damages; and

(4) **AWARDS** Plaintiff's counsel **$10,674.85** in attorneys' fees and **$1,575.15** in costs.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge